# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | : | MOTION TO VACATE |
| Fed. Reg. No. 71167-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:17-CR-326-MHC-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:19-CV-5324-MHC-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, *pro se*, filed a motion to vacate his sentence under §2255. (Doc. 35).[1] On December 11, 2018, the Court sentenced Movant to a total of 120 months of imprisonment for firearms offenses. (Doc. 31). Movant was represented by Allison Dawson through sentencing. The Court's docket indicates that an appeal has not been filed, and the time for doing so has expired. *See* Fed. R. App. P. 4(b)(1).

Movant raises four grounds for relief in the §2255 motion. In Ground Four, Movant claims that Ms. Dawson failed to follow Movant's instruction to file an appeal. (Doc. 35 at 8). A criminal defense lawyer has an affirmative duty to meaningfully consult with her client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer

---

[1] All citations to the record are to Movant's criminal case, 1:17-CR-326-MHC-JKL-1.

believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Given the importance of the appeal right as discussed in *Roe* and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal his judgment of conviction. *See* Order, *Latimer v. United States*, No. 1:18-CR-278-MHC (N.D. Ga. Apr. 3, 2020) (granting such relief on §2255 motion); *accord* Order, *Gama-Hernandez v. United States*, No. 1:16-cr-139-RWS (N.D. Ga. Feb. 13, 2017); Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011); Order, *Scott v. United States*, No. 1:06-cr-390-RWS (N.D. Ga. Sept. 22, 2008).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a §2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for

filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, I **RECOMMEND** that Movant's motion to vacate his conviction under 28 U.S.C. §2255 [Doc. 35] be **GRANTED** for the sole purpose of reinstating his appeal rights.  To effectuate that relief, I **RECOMMEND** that the Court, pursuant to *Phillips*,

1. **VACATE** the criminal judgment in this action;

2. **REIMPOSE** the sentence of imprisonment, supervised release, and special assessment imposed by this court on December 11, 2018, with appropriate credit for time served; and

3. **ADVISE** Movant that:  (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this court will prepare and file a notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) any notice of appeal must be filed within fourteen days of the date the court reimposes its sentence in this case.

I **FURTHER RECOMMEND** that the other claims in the §2255 motion be **DISMISSED WITHOUT PREJUDICE** so that Movant may reassert those claims,

if necessary, after the conclusion of his appeal. *See United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he best approach is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal....") (quotation marks omitted).

**SO RECOMMENDED** this 3rd day of September, 2020.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE